CHARLES J. SCHUCK, Judge.
The claimant, while employed as an elevator operator in the capitol building, was hurt some time in February 1940, by having her thumb cut in the sliding doors of the elevator, thereby suffering the injuries in question and obliging her to incur medical and hospital expenses in the amount of the claim, namely $22.50. The building and grounds department which had supervision of the operation of the elevator in question had not at the time of claimant’s injury availed itself of the provisions of the workmen’s compensation act previously passed and adopted in 1937, and by the provisions of which act it became mandatory upon the said department to subscribe to and comply with the provisions of the act in question. *172 If this had been done, the claimant would, undoubtedly, have been paid and reimbursed from the compensation fund accordingly.
In accordance with the thought and tenor of the decision as heretofore expressed by our Court of Appeals in the case of Archibald v. Workmen’s Compensation Commission, 77 W. Va. at page 450, the question of claimant’s alleged negligence or carelessness is not material or pertinent to our decision. The department involved should have availed itself of the provisions of the law and if it had done so the claimant, under the testimony as submitted, would have been entitled to compensation.
Considering the fact that claimant was deprived of her right to any compensation for the injuries received by the department’s failure to comply with the provisions of section 2511 (Michie’s code) of the workmen’s compensation act, we feel that she is entitled to an award at the hands of this court and an award in the sum of twenty-two dollars and fifty cents ($22.50) is hereby made accordingly.